UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14105-CIV-CANNON/MAYNARD

CHRISTIAN SIMONETTE,

 Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration,

 Defendant.

_____/

REPORT AND RECOMMENDATION ON PLAINTIFF'S UNCONTESTED PETITION
FOR AWARD OF ATTORNEY FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT ("MOTION") (DE 16)

 **THIS CAUSE** comes before me upon the above Motion, and an Order of Reference (DE 2).  Having carefully reviewed the Motion and noting that Defendant does not object to the relief requested therein, I **RECOMMEND** that Plaintiff's Motion be **GRANTED**.

 Plaintiff filed this case on February 25, 2021, seeking judicial review of the Defendant's denial of his application for disability insurance benefits under the Social Security Act.  DE 1. Defendant filed an Answer and a copy of the Administrative Record on August 5, 2021.  DE 10; DE 11.  On August 6, 2021, Defendant filed an unopposed motion to remand the case to the Commissioner for further administrative proceedings.  DE 13.  Defendant stated that, upon remand, the agency would assign a different administrative law judge ("ALJ") and provide Plaintiff with the opportunity for another hearing to further evaluate Plaintiff's claims.  *Id.*  On August 8, 2021, the District Court entered an order of remand (DE 14) and a final judgment ("Final Judgment") (DE 15) in favor of Plaintiff against Defendant.  Plaintiff now moves for an award of

$760.07 in attorneys' fees and $402.00 in costs pursuant to the Equal Access to Justice Act ("EAJA").  DE 16 at 1, 4.

### A. Entitlement to Attorney's Fees

The EAJA provides that "a court shall award to a prevailing party other than the United States" reasonable attorney's fees and costs "incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  The conditions for an award of fees under the EAJA are: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d); *Delaney v. Berryhill*, No. 17-81332-CIV, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018).

Plaintiff is entitled to an EAJA award because he has met the five conditions.  First, Plaintiff is the prevailing party because the District Court entered judgment in favor of Plaintiff, remanding the case back to the Commissioner. *Ochoa v. Comm'r of Soc. Sec.*, 2020 WL 4208042, at *2 (S.D. Fla. July 22, 2020) ("The law is clear that a plaintiff in a social security appeal prevails if the court orders a sentence-four remand." (citing *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993)).  Second, an EAJA motion must allege that the Commissioner's position was not substantially justified, and then the Commissioner bears the burden to show that it was.  *Ochoa*, 2020 WL 4208042 at *2; *White v. United States,* 740 F.2d 836, 839 (11th Cir. 1984).  Here, Plaintiff contends Defendant's position was not substantially justified, DE 16 at ¶3, and Defendant

does not attempt to argue otherwise. *See Ochoa*, 2020 WL 4208042 at *2 (finding the second condition met under the same circumstances); *Delaney*, 2018 WL 7820219, at *1 (same). I also note that, after filing an Answer affirming the denial benefits in this case, Defendant filed a motion for remand so a new ALJ could further consider Plaintiff's application. DE 10; DE 13. This unprompted change further indicates that Defendant's position was not substantially justified. *See Luna v. Bowen*, 663 F. Supp. 109, 111 (D. Colo. 1987) ("[A] consent to remand would not obviate an EAJA award if the government files an answer before agreeing to remand."). Third, an EAJA request is timely if it is made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in a case in which United States is a party); *Ochoa*, 2020 WL 4208042, at *2. In this case, Plaintiff's Motion was filed less than 90 days after the Final Judgment was entered; thus, it is timely. Fourth, Plaintiff avers that he is "not excluded from eligibility for an award under EAJA by any of the exclusions set forth in the Act[,]" which exclusions would include Plaintiff having had a net worth of $2 million or more at the time the complaint was filed. DE 16 at ¶5. Lastly, I find that there are no special circumstances that would make an award of fees unjust.

## B. Reasonableness of Attorney's Fees Claimed

Attorney fees requested pursuant to the EAJA must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Courts consider the application of the cost-of-living adjustment "next to automatic." *Meyer v.*

*Sullivan*, 958 F.2d 1029, 1035 n. 9 (11th Cir. 1992).  A party seeking EAJA fees must also show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

In this case, Plaintiff seeks an award of $760.07 in attorneys' fees for 3.6 hours of work on this matter billed at a rate of $211.13 per hour after application of the cost-of-living adjustment. DE 16 at 2-3, 5.  The rate Plaintiff seeks is consistent with the cost-of-living adjustments for the respective year. *See Sensat v. Berryhill*, 2018 WL 5257143, at *6 n. 12 (S.D. Fla. Oct. 22, 2018) (providing the steps to calculate the change in cost of living).

Plaintiff has also provided an "Itemization of Time" from his attorney describing the tasks performed, the date the tasks were performed, and the time spent on each task.  DE 16 at 5.  I have reviewed the specific tasks and find the time spent reasonable.  Plaintiff's counsel spent 2 hours— the bulk of the hours sought— reviewing the Appeals Counsel decision and the file.  *Id.*  The remaining hours relate to other work generally performed throughout a case, including checking and reviewing documents and conferring with Plaintiff.  Defendant has not objected to any of these entries.  *Id.*  Based on these hours, Plaintiff's counsel asserts he is owed $760.07.  *Id*. at 1, ¶9.[1]

A total of 3.6 hours is reasonable for the amount of work that Plaintiff's counsel performed in this case.  I also find that the hourly rate sought—which accounts for a reasonable cost of living adjustment—is reasonable and in full accord with applicable statutory standards.  In addition, Plaintiff's counsel avers that Defendant's counsel has no objection to the amounts sought.  DE 16 at ¶7.  Therefore, I readily find that Plaintiff is entitled to the requested attorney fee amount of $760.07.

---

[1] Plaintiff's motion contains a scrivener's error in ¶9 and states the amount sought as $760.67 rather than $760.07.  The correct amount is $760.07 ($211.13 x 3.6 hours).

### C.  Costs and Expenses

Plaintiff also requests reimbursement of filing fees in the amount of $402.00. This cost is reasonable and should be awarded to Plaintiff. The EAJA authorizes the award of costs and expenses. *Ochoa*, 2020 WL 4208042 at *3 (S.D. Fla. July 22, 2020). *See e.g. Lilley v. Saul*, 2021 WL 271518, at *1 (S.D. Fla. Jan. 27, 2021) (awarding filing fees under the EAJA); *Milanes v. Berryhill*, 2017 WL 3493145, at *2 (S.D. Fla. Aug. 14, 2017) (same).  Thus, I readily find that Plaintiff is entitled to reimbursement of the $402.00 amount as *costs*[2] for filing fees.

### D.  Fee Reimbursement Administration

Plaintiff's motion indicates that the parties agree that an award of EAJA fees belongs to Plaintiff and not Plaintiff's counsel. DE 16 at 3.  Therefore, the award is subject to offset to satisfy any pre-existing debt that Plaintiff owes to the Government, and payment due Plaintiff in excess of any such debt may be paid to Plaintiff's counsel if Plaintiff has assigned to his counsel his right to fees. *See Astrue v. Ratliff*, 560 U.S. 586, 597 (2010) (noting that the Government discontinued the direct payment practice of paying fees to a plaintiff's counsel except in cases where the plaintiff does not owe a federal debt and has assigned her right to fees to the attorney).  Here, Plaintiff attaches a copy of his fee agreement with his counsel. DE 16-1.  The fee agreement reflects that Plaintiff assigned his rights to fees payable under the EAJA to his counsel.  *Id.*  Furthermore, Plaintiff avers that the parties agree that the government will pay fees awarded directly to Plaintiff's counsel after determining that Plaintiff does not owe a debt to the government. DE 16 at 4.  Therefore, I find that Plaintiff's counsel should receive direct payment of any fee award

---

[2] Plaintiff notes that, under 28 U.S.C. § 2412(a)(1)(d), costs and expenses are treated differently. DE 16 at 4.  Therefore, Plaintiff requests that the Court specifically indicate that the $402.00 filing fee is for reimbursement of costs.  *Id.*

consistent with the parties' agreement.

ACCORDINGLY, I respectfully RECOMMEND to the District Court that the Motion for Attorney Fees (DE 16) be GRANTED as follows:

1.  That Plaintiff be AWARDED a total of $760.07 in attorney fees, and $402.00 in costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d); and

2.  That the Secretary of the U.S. Department of the Treasury be directed to determine whether Plaintiff owes a qualifying, pre-existing debt to the federal government.  If such a debt exists, the Secretary should be directed to reduce the attorney fee amount awarded by the extent necessary to pay it.  Pursuant to the Plaintiff's assignment of the EAJA fee award to his attorney, DE 16-1, the Secretary should be directed to pay the balance to Erik W. Berger, Esq., and to send that payment to the following address: 3744 Dupont Station Court South, Jacksonville, FL 32217.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable  Aileen M. Cannon, the United States District Judge assigned to this case.  Failure to file timely objections shall bar the parties from a de novo determination by the District Court of the issues covered in this Report and Recommendation and bar the parties from attacking on appeal the factual findings contained herein.  *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988).

DONE AND SUBMITTED in Chambers at Fort Pierce, Florida, this 17th day of December, 2021.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE